IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01620-BNB

ROBERT W. BAILLIE,

    Plaintiff,

v.

JOHN HICKENLOOPER, Governor of the State of Colorado,
REBECCA OAKES,
DENISE BALAZIC, and
THE COLORADO BOARD OF PAROLE, et al.,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED PLEADING

Plaintiff, Robert W. Baillie, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Fremont Correctional Facility in Canon City, Colorado. He initiated this action by filing *pro se* a prisoner complaint pursuant to 42 U.S.C. § 1983 alleging that his civil rights were violated in connection with the revocation of his parole in January 2012. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe the complaint liberally because Mr. Baillie is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal

theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.* For the reasons stated below, Mr. Baillie will be ordered to file an amended pleading on the proper habeas corpus application form if he wishes to pursue his claims challenging the revocation of his parole in this action.

The court has reviewed the Prisoner Complaint and finds that the claims Mr. Baillie is asserting properly are asserted in a habeas corpus action pursuant to 28 U.S.C. § 2241 rather than in a civil rights action pursuant to 42 U.S.C. § 1983. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "A motion pursuant to § 2241 generally . . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Hernandez v. Davis*, No. 07–cv–02406, 2008 WL 2955856, at *7 (D. Colo. July 30, 1998) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)). Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999).

Mr. Baillie asserts one claim in the Complaint, alleging that the members of the parole board lied in order to "sabotage" his chances for parole. Complaint at 4. As relief, Mr. Baillie seeks reconsideration of the parole decision, in addition to unidentified declaratory and injunctive relief. He also seeks damages.

Based on the claims in the Prisoner Complaint, it appears that Mr. Baillie's claims

properly are asserted pursuant to 28 U.S.C. § 2241 and he must file an amended pleading on the proper habeas corpus application form.  For each habeas corpus claim he asserts in the amended pleading, Mr. Baillie must identify the specific federal constitutional right that allegedly has been violated and must provide specific factual allegations in support of each asserted claim.  Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Baillie must "specify all [available] grounds for relief" and he must "state the facts supporting each ground."  Furthermore, these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  Naked allegations of constitutional violations are not cognizable in a habeas corpus action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Mr. Baillie may not sue the Colorado Parole Board.  The State of Colorado and its entities, such as the Colorado Board of Parole, are protected by Eleventh Amendment immunity.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).  "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies."  *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998).  The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and

congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).  The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought.  *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).

In addition, Mr. Baillie may not sue parole board members for money damages. Parole board members enjoy absolute immunity from damages liability for actions taken in the performance of the board's official duties regarding the granting or denying of parole.  *Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir. 1992).  Finally, because the only proper respondent in a habeas corpus action is the applicant's custodian, *see* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995), Mr. Baillie is advised that he must name his custodian as the Respondent in the amended pleading he files.  Accordingly, it is

ORDERED that Mr. Baillie file within **thirty (30) days** from the date of this order an amended pleading on the proper habeas corpus application form that complies with this order.  It is

FURTHER ORDERED that Mr. Baillie shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Baillie fails within the time allowed to file an amended pleading on the proper habeas corpus application form as directed, the action will be dismissed without further notice.

DATED August 6, 2012, at Denver, Colorado.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge