IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01620-BNB

ROBERT W. BAILLIE,

    Plaintiff,

v.

JOHN HICKENLOOPER, Governor of the State of Colorado,
REBECCA OATES,
DENISE BALAZIC, and
THE COLORADO BOARD OF PAROLE, et al.,

    Defendants.

## ORDER OVERRULING OBJECTION

This matter is before the Court on the "Response to Order Directing Plaintiff to File Amended Pleading" that Mr. Baillie, a prisoner in the custody of the Colorado Department of Corrections, filed with the Court on August 16, 2012. Mr. Baillie objects to an August 6, 2012 Order, in which Magistrate Judge Boyd N. Boland directed him to file an amended pleading. Specifically, Mr. Baillie challenges Magistrate Judge Boland's finding that the action more properly is raised under 28 U.S.C. § 2241.

The Court will construe the document liberally as an Objection filed pursuant to 28 U.S.C. § 636(b)(1)(A). Under § 636(b)(1)(A), a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

Upon review of Mr. Baillie's Complaint, I find no basis for his arguments. In the Complaint, Mr. Baillie alleges that members of the parole board provided false

statements in order to deny him parole in January of 2012.[1]  As relief, Mr. Baillie seeks reconsideration of the parole decision, in addition to unidentified declaratory and injunctive relief.  The Tenth Circuit has indicated that the types of claims cognizable under § 2241 are those in which an individual seeks either immediate release from, or a shortened period of, physical imprisonment, *i.e.*, placement on parole or in a parole-like custodial setting.  *See, e.g., Palma-Salazar v. Davis*, 677 F.3d 1031, 1037 fn. 2 (10th Cir. 2012) (citing *United States v. Garcia*, 470 F.3d 1001, 1002-03 (10th Cir. 2006); *Reed v. McKune*, 298 F.3d 946, 953 (10th Cir. 2002)).  In the Complaint, Mr. Baillie seeks reconsideration of the parole board's decision, *i.e.*, he seeks placement on parole.  This claim is not cognizable under 42 U.S.C. § 1983, which is reserved for challenges to a prisoner's conditions of confinement.  Instead, Mr. Baillie's claims must be asserted pursuant to 28 U.S.C. § 2241.  *See id.*  Therefore, Magistrate Judge Boland's August 6 Order is neither clearly erroneous nor contrary to law and Mr. Baillie's liberally construed Objection will be overruled.  Mr. Baillie is instructed to comply with the August 6 Order or the action will be dismissed for failure to prosecute.  Accordingly, it is

ORDERED that the document filed by Plaintiff on August 16, 2012 (ECF No. 11) is liberally construed as an Objection filed pursuant to 28 U.S.C. § 636(b)(1)(A) and is overruled.  It is

FURTHER ORDERED that Mr. Baillie has **twenty-one (21) days from the date of this Order** to comply with the August 6, 2012 Order.  It is

---

[1] In the August 6 Order, Magistrate Judge Boland mistakenly stated that Mr. Baillie was challenging the revocation of parole, instead of the denial of parole.  This simple error does not effect the Court's analysis here.

3

FURTHER ORDERED that if Mr. Baillie fails to comply with the August 6, 2012 Order, as directed, the action will be dismissed without further notice.

DATED at Denver, Colorado, this   22nd   day of   August  , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court