IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01620-PAB

ROBERT W. BAILLIE,

    Applicant,

v.

TOM CLEMENTS,

    Respondent.

---

**ORDER ON APPLICATION FOR A WRIT OF HABEAS CORPUS**

---

The matter before the Court is an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 15] filed on August 27, 2012 by Applicant Robert W. Baillie. This Court issued an Order to Show Cause to Respondent on October 29, 2012. Respondent filed a Response to the show cause order on November 19, 2012. [Docket No. 30]. Applicant filed a Reply on December 13, 2012. [Docket No. 33].

The Court has determined that it can resolve the Application without a hearing. 28 U.S.C. § 2243. *See Jeter v. Keohane*, 739 F.2d 257 n. 1 (7th Cir. 1984) ("An evidentiary hearing is not necessary when the facts essential to consideration of the constitutional issue are already before the court.").

**I. BACKGROUND**

Mr. Baillie is in the custody of the Colorado Department of Corrections ("DOC") and is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. On

June 1, 1984, he was sentenced to four concurrent life sentences, with parole, in the District Court for the County of El Paso, Colorado as a habitual offender based on his convictions for the following offenses: second degree kidnapping; second degree burglary; first degree sexual assault; and third degree sexual assault. [Docket No. 30-1].

Mr. Baillie was considered for parole on January 3, 2011 and again on January 3, 2012. [Docket Nos. 30-2, 30-3]. During his parole interview on January 3, 2012, Mr. Baillie informed the parole board that he does "not want to hurt anybody ever again" and that he hoped that sex offender treatment could help him to a point where he does not want to do harm to others or think about doing harm to others. [Docket No. A-4, Parole Interview (January 3, 2012), at 11:09 through 11:37].

The parole board denied parole on January 3, 2012 and deferred until January 2014. [Docket No. 30-3]. The parole board based its decision on the following factors: (1) the high risk score that Mr. Baillie received on the Colorado Actuarial Risk scale; (2) a Colorado Code of Penal Discipline conviction for fraud nine months before the parole hearing; (3) the risk to the public associated with Mr. Baillie's release on parole; (4) the severity and circumstances of his offense; (5) the violence surrounding his prior convictions; and (6) sexual violence surrounding his prior convictions. [*Id.*].

## II. HABEAS APPLICATION

Mr. Baillie filed *pro se* his [Amended] Application pursuant to 28 U.S.C. § 2241 on August 27, 2012. He challenges the parole board's decision to deny parole on January 3, 2012 as a violation of his Fourteenth Amendment due process rights. Applicant claims that the parole board arbitrarily denied parole based on isolated

statements he made during his parole interview. For relief, he asks the Court to order the parole board to reconsider its decision and to act fairly and objectively.

Respondent initially argued in the Preliminary Response filed on September 18, 2012 that the action should be dismissed because Mr. Baillie failed to exhaust state court remedies. [*See* Docket No. 22]. On October 1, 2012, Respondent affirmatively withdrew the defense of failure to exhaust. [Docket No. 24].

### III.  LEGAL STANDARD

#### A.  Habeas Corpus Actions

An action brought by a federal prisoner pursuant to 28 U.S.C. § 2241 is one that challenges the execution of a sentence "and the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). A challenge to the denial of parole is properly brought under 28 U.S.C. § 2241. *Henderson v. Scott*, 260 F.3d 1213, 1214 (10th Cir. 2001). A district court is only authorized to issue the writ of habeas corpus when an applicant is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

#### B.  *Pro Se* Litigant

Mr. Baillie is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However,

a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that an applicant can prove facts that have not been alleged or that a respondent has violated laws in ways that an applicant has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). An applicant's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## IV. ANALYSIS

Mr. Baillie challenges the Colorado parole board's decision to deny parole in January 2013 as a deprivation of his federal due process rights.

The Due Process Clause of the Fourteenth Amendment of the United States Constitution prohibits the state deprivation of life, liberty, or property without due process of law. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Mr. Baillie was not deprived of life or property when he was denied release on parole. His claim therefore must implicate a constitutionally-protected liberty interest. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

Generally, a liberty interest may arise from either the United States Constitution or state law. *See Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998); *Boutwell v. Keating*, 399 F.3d 1203, 1213 (10th Cir. 2005) (recognizing that a state statute may "create a liberty interest when the statute's language and structure sufficiently limits the discretion of a parole board."). The Constitution itself does not create a protected

liberty interest in a prisoner's release prior to the expiration of a valid sentence.  *See Swarthout v. Cooke*, 131 S.Ct. 859, 862 (2011) (per curiam); *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).  Furthermore, a review of the applicable Colorado parole scheme demonstrates that Mr. Baillie does not have a legitimate claim of entitlement to parole under Colorado law.

Inmates in Colorado generally are subject to a discretionary parole system unless they were convicted of offenses committed between July 1, 1979 and June 30, 1985.  *See Thiret v. Kautzky*, 792 P.2d 801, 805 (Colo. 1990).  However, even inmates convicted of crimes committed during this six-year period are subject to discretionary parole if the crime was a sex offense or a habitual offense.  *See id.*; *see also* Colo. Rev. Stat. § 17-2-201(5)(a) (2012).  Mr. Baillie was convicted of two sex offenses and was sentenced to four concurrent life sentences, pursuant to Colo. Rev. Stat. § 16-13-101 (1983), based on his adjudication as a habitual offender.  As such, he is subject to Colorado's discretionary parole scheme.  *Thiret*, 792 P.2d at 805; *see also Mahn v. Gunter*, 978 F.2d 599, 601 (10th Cir. 1992) (holding that "for Colorado offenses committed on or after July 1, 1979, but before July 1, 1985, when concurrent sentences are of equal length, if one of those sentences is for a sexual offense, parole is discretionary.")  Mr. Baillie has no entitlement to or liberty interest in parole under a discretionary parole scheme and, therefore, no concomitant right to procedural due process protections before parole is denied.  *Greenholtz*, 442 U.S. at 7; *see also Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1214 (10th Cir. 2009).

In any event, even if the parole board's decision to deny parole to Mr. Baillie implicated a constitutionally protected liberty interest, he is not entitled to relief in this habeas proceeding.  Judicial review of the denial of parole is narrow because "parole determinations inherently do not lend themselves to concrete and identifiable standards."  *Schuemann v. Colo. State Bd. of Parole*, 624 F.2d 172, 174 (10th Cir. 1980).  " [T]he district court reviews the Parole Board's action for abuse of discretion, asking whether the Board's action resulted in an abridgement of the petitioner's constitutional rights."  *Wildermuth v. Furlong*, 147 F.3d 1234, 1236 (10th Cir. 1998); *see also Schuemann*, 624 F.2d at 173 (stating that a court "may review [a] decision of the parole board to determine if it was arbitrary, capricious or an abuse of discretion.").  The parole board's decision regarding whether to release an inmate is "subtle and depends on an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Board members based upon their experience with the difficult and sensitive task of evaluating the advisability of parole release."  *Greenholtz*, 442 U.S. at 9-10.  The Court's "inquiry is only whether there is a rational basis in the record for [the parole board's] conclusions embodied in its statement of reasons."  *Mulberry v. Neal*, 96 F. Supp.2d 1149, 1151 (D. Colo. 2000).  "So long as there was sufficient evidence before the Parole Board to support its decision, its actions are not an abuse of discretion."  *Id*.  Federal courts may not reweigh evidence, rule on credibility matters, or substitute their judgment for the judgment exercised by a parole board.  *Fiumara v. O'Brien*, 889 F.2d 254, 257 (10th Cir. 1989).

Colorado law does not creates any limits on the procedures to be used by the parole board when it considers a DOC inmate's parole application. State law provides only that a parole interview shall be conducted by one or more parole board members as follows:

> Whenever an inmate initially applies for parole, the board shall conduct an interview with the inmate. At such interview at least one member of the board shall be present. Any final action on an application shall not be required to be made in the presence of the inmate or parolee, and any such action shall require the concurrence of at least two members of the board. When the two members do not concur, a third member shall review the record and, if deemed necessary, interview the applicant and cast the deciding vote. Any subsequent application for parole shall be considered by the board in accordance with the provisions of paragraph (a) of subsection (4) of this section.
> . . .
>
> When a recommendation has been made before the board for revocation or modification of a parole, the final disposition of such application shall be reduced to writing. The parolee shall be advised by the board of the final decision at the conclusion of the hearing or within a period not to exceed five working days following said hearing; however, a parolee may waive the five-day notice requirement. A copy of the final order of the board shall be delivered to the parolee within ten working days after the completion of the hearing.

Colo. Rev. Stat. § 17-2-201(9)(a)(I) and (b); *see also* Colo. Rev. Stat. § 17-2-201(9)(a)(II) (providing that "[t]he provisions of subparagraph (I) of this paragraph (a) shall also apply to all interviews of inmates who apply for parole pursuant to section 17-22.5-303, who were sentenced for an offense committed on or after July 1, 1979.").

Colorado's parole "procedure affords an opportunity to be heard, and when parole is denied it informs the inmate in what respects he falls short of qualifying for parole; this affords the process that is due under these circumstances." *Greenholtz*,

442 U.S. at 16.  Finally, no more than one parole board member need be physically present at the parole interview.  See Colo. Rev. Stat. § 17-2-201(9)(a)(I).

The statutory procedure was followed in Mr. Baillie's case.  The parole board denied parole on January 3, 2012 following Applicant's parole interview that same date.  The parole board based its decision on: (1) the high risk score that Mr. Baillie received on the Colorado Actuarial Risk scale; (2) a Colorado Code of Penal Discipline conviction for fraud nine months before the parole hearing; (3) the risk to the public associated with Mr. Baillie's release on parole; (4) the severity and circumstances of his offenses; (5) the violence surrounding his prior convictions; and (6) sexual violence surrounding his prior convictions.  [Docket No. 30-3].  Although the parole board's explanation in the notice of action is terse, there is no question that the nature of the crimes committed and the potential danger an inmate poses are proper factors for consideration by the parole board.  *Schuemann*, 624 F.2d at 174.  Furthermore, "[i]t would be discordant to require unduly specific and detailed reasons from a Board vested with a subjective, predictive, and experimental function." *Id*.  The Court thus finds that Mr. Baillie fails to demonstrate the parole board's decision was arbitrary or an abuse of discretion.

Mr. Baillie's assertions in his Reply that the parole board members considered an incorrect criminal history provided by the DOC and placed too much emphasis on a statement he made during his parole interview that he did not want to harm anyone upon his release from prison do not alter the Court's conclusion.  Even if the parole board improperly assessed Mr. Baillie's risk to the public and prior criminal history, Mr. Baillie's claim fails because the parole board also relied on the severity and

circumstances of the offenses for which he was sentenced to deny parole. "'[W]here the denial of parole . . . rests on one constitutionally valid ground, the Board's consideration of an allegedly invalid ground would not violate a constitutional right.'" *Wildermuth*, 147 F.3d at 1236 (quoting *Bloodgood v. Garraghty*, 783 F.2d 470, 475 (4th Cir. 1986)).

Finally, Mr. Baillie claims in his Reply brief that the parole board violated his equal protection rights. The Court finds that the equal protection claim lacks merit because Mr. Baillie fails to demonstrate that he has been treated differently than any inmate who is similarly situated. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996).

**V.   ORDER**

Accordingly, it is ORDERED:

1.   Applicant Robert W. Baillie's [Amended] Application For a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 15] is DENIED and this action is DISMISSED on the merits.

2.   No certificate of appealability will issue because Mr. Baillie has not made a substantial showing that jurists of reason would find it debatable whether the jurisdictional and procedural rulings are correct and whether the Application states a valid claim of the denial of a constitutional right.

3.   Mr. Baillie's "Motion to Add Pertinent Information; to Applicant's Reply. . ." [Docket No. 34] is GRANTED. The Court has considered the additional information contained in Docket No. 34 in resolving the § 2241 Application.

DATED May 23, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge