IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01620-PAB

ROBERT W. BAILLIE,

    Applicant,

v.

TOM CLEMENTS,

    Respondent.

## ORDER DENYING MOTION TO RECONSIDER

This matter comes before the Court on the Motion for Reconsideration and/or Retrial [Docket No. 41] filed by Applicant Robert E. Baillie on June 3, 2013. Mr. Baillie is in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado. The Court must construe the Motion liberally because Mr. Baillie is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Mr. Baillie asks the Court to reconsider the May 23, 2013 Order [Docket No. 39] dismissing this action.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court

will consider Mr. Baillie's Motion pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action on May 24, 2013. *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the time limitation set forth under Rule 59(e)).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is justified where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243). However, a motion to reconsider is not an appropriate vehicle "to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Id.*

In the § 2241 Application, Mr. Baillie challenged the state parole board's January 3, 2012 decision to deny parole as a violation of his Fourteenth Amendment due process rights. The Court denied the Application in a May 23, 2013 Order because Mr. Baillie does not have a constitutionally-protected liberty interest in parole. The Court further found that there was a rational basis in the record for the parole board's decision. In the May 23 Order, the Court also rejected Mr. Baillie's belated claim, raised in his Reply brief, that the parole board violated his equal protection rights. Mr. Baillie's two-page motion to reconsider raises issues that were asserted or could have been

asserted in his § 2241 Application and Reply.  As such, he fails to assert an appropriate basis for reconsideration of the Court's May 23 order of dismissal.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Baillie fails to demonstrate some reason why the Court should reconsider and vacate the order dismissing this action.  Accordingly, it is

ORDERED that the Motion for a Reconsideration and/or Retrial [Docket No. 41] is DENIED.

DATED July 22, 2013.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge